**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE SUBOXONE | ) | Case No. 1:24-md-3092 |
| (BUPRENORPHINE/NALOXONE) | ) | |
| FILM PRODUCTS LIABILITY | ) | MDL No. 3092 |
| LITIGATION | ) | |
| | ) | |
| This Document Applies to: | ) | |
| | ) | |
| | ) | |
| MICHAEL CARNEVALE, *et al.*, | ) | Case No. 1:25-sf-66049 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| INDIVIOR INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

A number of Plaintiffs, including David Marshall, Jr., filed this lawsuit on June 13, 2025.  (ECF No. 1.)  On January 29, 2026, Plaintiffs filed a suggestion of death, indicating that Mr. Marshall passed away on or about August 8, 2025.  (ECF No. 2.)  On March 3, 2026, Plaintiffs filed a motion to substitute Susan Juanarena, Mr. Marshall's mother, to proceed as the plaintiff as the proper party to bring and maintain the claims Mr. Marshall advanced.  (ECF No. 3.)

To support the motion, Ms. Juanarena attached a declaration identifying herself as Mr. Marshall's successor-in-interest and reporting that his estate was not the subject of any pending probate proceeding.  (ECF 3-1, PageID #106–07.)  Specifically, the declaration indicated that Ms. Juanarena is Mr. Marshall's

successor-in-interest pursuant to Section 6402(b) of the California Probate Code, indicating that she inherits his intestate estate because he has no surviving spouse or issue. *Id.* The motion also included a death certificate confirming that Mr. Marshall died unmarried in San Diego, California and was the son of Ms. Juanarena. (ECF 3-1, PageID #108–09.)

Before considering whether Ms. Juanarena is the proper party for substitution, the Court must first determine whether Mr. Marshall's product liability claims survive his death. Rule 25(a)(1) provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." To determine whether product liability claims survive, courts first look to federal law. If no federal rule applies, courts will use the law of the forum State if it is not inconsistent with the Constitution and laws of the United States. *Crabbs v. Scott*, 880 F.3d 292, 294 (6th Cir. 2018). "In MDL cases, the forum state is typically the state in which the action was initially filed before being transferred to the MDL court." *Axline v. 3M Co.*, 8 F.4th 667, 674 (8th Cir. 2021) (citation omitted). This action was directly filed in the Northern District of Ohio, with an indication that Mr. Marshall would have filed his action in the Eastern District of California for transfer to the MDL in the absence of the direct filing order. (ECF No. 1, ¶ 28, PageID #9.)

No federal rule or statute speaks to whether product liability claims survive a plaintiff's death. Therefore, the Court looks to California law and finds that the California Code of Civil Procedure directs that the claim should proceed: "Except as otherwise provided by statute, a cause of action for or against a person is not lost by

2

reason of the person's death but survives subject to the applicable limitations period."

Cal. Code Civ. Proc. § 377.20.  "A pending action or proceeding does not abate by the

death of a party if the cause of action survives."  Cal. Code Civ. Proc. § 377.21.

Out of an abundance of caution, the Court notes that Ohio law dictates the

same outcome.  The applicable Ohio rule states:

> In addition to the causes of action which survive at common law, causes
> of action for mesne profits, or injuries to the person or property, or for
> deceit or fraud, also shall survive; and such actions may be brought
> notwithstanding the death of the person entitled or liable thereto.

Ohio Rev. Code § 2305.21.  By either rule, Mr. Marshall's claim survives him.

The Court next turns to whether Ms. Juanarena may be substituted as a

proper party. Rule 25 governs the substitution of parties after death.  It provides that

"[i]f a party dies and the claim is not extinguished, the court may order substitution

of the proper party.  A motion for substitution may be made by any party or by the

decedent's successor or representative."  Fed. R. Civ. P. 25(a)(1).  "The language of

Rule 25 is permissive and the decision to substitute a party lies within the sound

discretion of the Court." *Watts v. Novartis Pharms. Corp.*, No. 5:08-cv-2354, 2015 WL

1456647, *4 (N.D. Ohio Mar. 30, 2015) (citing *In re Baycol Prods. Litig.*, 616 F.3d 778,

783 (8th Cir. 2010).  And "motions to substitute should be freely granted."  *Id.* (citing

Fed. R. Civ. P. 25 advisory committee note to 1963 amendment.

The Court looks to the applicable State law to determine the "proper party" for

purposes of Rule 25(a)(1).  *Oatridge v. Future Motion, Inc.,* No. 5:21-cv-09906, 2025

WL 41935, at *2 (N.D. Cal. Jan. 6, 2025).  Under the California Code of Civil

Procedure, a decedent's "successor in interest" is the "beneficiary of the decedent's

estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11.

Similarly, courts in the Northern District of Ohio have identified the following as a proper party under Rule 25(a)(1): "(1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *Watts*, 2015 WL 1456647, at *5 (internal citations omitted).

Here, Ms. Juanarena survives her son and is identified on his death certificate as his parent. (ECF No. 3, PageID 108-09.) Also, his death certificate indicates that he has no surviving spouse. (*Id.*) A publicly available obituary suggests that Mr. Marshall's surviving immediate family consists of his parents and siblings. (*In Memoriam: David Douglas Marshall, June 14, 1994-August 6, 2025*, Newton-Bracewell Funeral Homes, https://www.nbcfh.com/davidmarshall/ (last visited Mar. 16, 2026).) Additionally, Ms. Juanarena's indication that Mr. Marshall died intestate and has no pending probate proceeding is supported by a search of the probate court docket. For these reasons, the Court is satisfied that she is Mr. Marshall's beneficiary and the proper party for substitution in this case. Therefore, the Court **GRANTS** Ms. Juanarena's motion for substitution.

**SO ORDERED.**

4

Dated:  March 23, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5